NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5423-15T2

TOWNSHIP OF EAST GREENWICH,

 Plaintiff-Respondent,

v.

RONALD ZECK, JR.; ELAINE ZECK;
E&Z CONSTRUCTION, INC.; E&Z
CONSTRUCTION, LLC; NAR FARMS, LLC;
BEAZER HOMES CORPORATION; KINGS
LAKE, LLC; and ROBERT J. PACILLI,
jointly, severally, and in
the alternative,

 Defendants,

and

BEZR HOMES, LLC,

 Defendant-Appellant.
___________________________________

 Submitted September 27, 2017 – Decided November 30, 2017

 Before Judges Nugent and Currier.

 On appeal from Superior Court of New Jersey,
 Law Division, Gloucester County, Docket No.
 L-1268-13.

 Ware, Streitz & Thompson, attorneys for
 appellant (Gary D. Thompson, on the brief).
 Mark B. Shoemaker, attorney for respondent.

PER CURIAM

 Plaintiff, the Township of East Greenwich, filed this action

to compel defendant BEZR Homes, LLC, its principal, and others,

to convey to the Township three lots, as required by the Township

Planning Board's resolution granting to BEZR's predecessor

preliminary and final major site plan approval for a cluster

development. BEZR does not seek to have the Board's approval of

the development application vacated. Rather, BEZR contends that

discussions between its principal and others acting on its behalf

on the one hand, and certain Township employees and representatives

on the other, made clear the conveyance of the three lots was

conditional, even though the conditions did not appear in the

Planning Board's resolution. BEZR insists plaintiff is estopped

from seeking the transfer.

 Judge Jean B. McMaster granted summary judgment in favor of

plaintiff. We affirm, substantially for the reasons expressed by

Judge McMaster in her March 10, 2016 written opinion. We add only

this. Dispositive of the issues raised by BEZR are certain

fundamental tenets of municipal law: a public body may only

contract within its express or implied powers; generally, public

bodies "may only act by resolution or ordinance"; and, "those who

deal with a municipality are charged with notice of limitations

 2 A-5423-15T2
imposed by law upon the exercise of [a municipal body's] power."

Kress v. La Villa, 335 N.J. Super. 400, 410 (App. Div. 2000)

(quoting Midtown Props., Inc. v. Twp. of Madison, 68 N.J. Super.

197, 208 (Law Div. 1961)), certif. denied, 168 N.J. 289 (2001).

BEZR's arguments represent the antithesis of these principles.

 BEZR's arguments are without sufficient merit to warrant

further discussion. R. 2:11-3(e)(1)(E).

 Affirmed.

 3 A-5423-15T2